UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------
MRS. SYLVIA JENKINS,

                    Plaintiff,

   -v.-                                           5:06-CV-1005
                                                         (NAM/GHL)

CITY OF SYRACUSE, Mayor's Office, *et al.*,

                    Defendants.
----------------------------------------------------------------
APPEARANCES:

SYLVIA JENKINS
Plaintiff, *pro se*

**NORMAN A. MORDUE, Chief U.S. District Court Judge**

## ORDER

**I.    Background**.

    The Clerk has sent to the Court a civil rights Complaint, together with an application to proceed *in forma pauperis*, filed by Sylvia Jenkins ("Plaintiff" or "Jenkins")[1]

    In her *pro se* Complaint, Plaintiff alleges that three unidentified males beat her sister to death on February 7, 1990. *See* Docket No. 1.

**II.    Discussion.**

    Section 1915(e) directs that when a Plaintiff seeks to proceed *in forma pauperis*, the Court:

> (2) [S]hall dismiss the case at any time if the court determines that -
> \*\*\*
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Thus, the Court must determine that a Complaint is proper before it permits

---

[1] Plaintiff has filed six other actions in this District between November 21, 2005, and the date of this Order.

a plaintiff to proceed with his or her action *in forma pauperis*. *Id.*

Plaintiff brings this action pursuant to 42 U.S.C. §1983. Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted). The "applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995).

In the complaint, Plaintiff alleges that the events occurred in February of 1990. The Complaint is dated August 21, 2006, and was filed on August 21, 2006. Thus, Plaintiff's claims are barred by the applicable statute of limitations and must be dismissed.

In light of the foregoing, Plaintiff's application to proceed *in forma pauperis* is denied as moot.

**III.    Conclusion.**

For the reasons stated above, the pleading, as presented to this Court, cannot be supported by an arguable basis in law and must therefore be dismissed pursuant to 28 U.S.C. § 1915(e).

WHEREFORE, it is hereby

ORDERED, that this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District, and it is further

ORDERED, that Plaintiff's *in forma pauperis* application is denied as moot, and it is further

ORDERED, that the Clerk serve a copy of this Order on Plaintiff by regular mail.

IT IS SO ORDERED.

Dated: October 5, 2006

Norman A. Mordue
Chief United States District Court Judge